# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2019

Lyle W. Cayce
Clerk

JOHN BOURBON ALMAGUER,

Plaintiff-Appellant

v.

COUNTY OF BEXAR; CITY OF SAN ANTONIO, TEXAS; AMALIA
CAVAZOS, Magistrate Judge; WILLIAM SENDEJO, Detective, San Antonio
Police Department; D. BERRIGAN, San Antonio Police Department; OTHER
UNKNOWN COUNTY AND CITY POLICE OFFICERS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-1186

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

John Bourbon Almaguer, federal prisoner # 80879-280, moves this court
for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of
his 42 U.S.C. § 1983 complaint, wherein Almaguer sought monetary damages,
punitive damages, and declaratory relief against the defendants for stealing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

his personal property during an illegal search of his home. The district court dismissed the complaint as frivolous and for failure to state a claim, denied Almaguer's motion to proceed IFP on appeal, and certified that the appeal was not taken in good faith. Almaguer makes the following arguments in support of his motion to proceed IFP: (1) the district court erred by not allowing him to proceed IFP; (2) the district court erred by dismissing his complaint without serving it on the defendants; (3) his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (4) the district court's conclusions that the officers are entitled to qualified immunity and that his claims are barred by the statute of limitations are incorrect; and (5) Bexar County and the City of San Antonio are liable for the actions of their employees under the doctrine of respondeat superior. Additionally, he argues that the district court abused its discretion by denying his recusal motion.

By moving to proceed IFP in this court, Almaguer is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see* FED. R. APP. P. 24(a)(3)(A). This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Almaguer's argument that the district court erred by dismissing his complaint without allowing service on the defendants is without merit. "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

A prisoner's civil rights complaint may be dismissed at any time if it fails to state a claim on which relief can be granted. *See* § 1915(e)(2)(B)(ii); 28

No. 19-50005

U.S.C. § 1915A(b)(1). "A dismissal of a civil rights complaint for failure to state a claim is reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (italics omitted). Dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When both the de novo and the abuse-of-discretion standards are applicable, this court employs the de novo standard. *See id.*

Notwithstanding Almaguer's assertions to the contrary, success on Almaguer's constitutional claims would necessarily imply the invalidity of his conviction. *See Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). There is no evidence that Almaguer's conviction has been overturned, expunged, or otherwise invalidated. *Heck,* 512 U.S. at 486-87. As such, the district court's dismissal of Almaguer's claims against the defendants as barred by *Heck* does not present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Because Almaguer's claims are barred by *Heck*, we decline to address Almaguer's arguments regarding qualified immunity, respondeat superior liability, and the statute of limitations.

We construe Almaguer's IFP motion as a timely notice of appeal from the denial of his motion to recuse the district court and review the denial of that motion for an abuse of discretion. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999).

Almaguer's allegations of judicial bias are based solely on judicial rulings. The record does not reflect that the district court's actions were based on opinions formed from extrajudicial sources or that the district court had a high degree of antagonism against Almaguer; therefore, recusal was not warranted. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

No. 19-50005

Accordingly, the denial of Almaguer's recusal motion does not provide a nonfrivolous issue for appeal. *See Howard,* 707 F.2d at 220.

The appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Almaguer's IFP motion is denied. The district court's dismissal of Almaguer's complaint and this court's dismissal of his appeal both count as strikes under § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson,* 135 S. Ct. 1759, 1762-64 (2015). Almaguer is cautioned that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; IFP MOTION DENIED; SANCTION WARNING ISSUED.